UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD HENRY and
OPHELIA C. TWINE-HENRY,

                Plaintiffs,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
and U.S. BANK, N.A.,[1]

                Defendants.

Case No. 2:15-cv-12469
Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS
MERS AND U.S. BANK'S JULY 17, 2015 MOTION TO DISMISS OR, IN
THE ALTERNATIVE, MOTION FOR JUDGMENT ON THE PLEADINGS
(DE 6)**

**I.**    **RECOMMENDATION:** The Court should grant Defendants MERS and

U.S. Bank's July 17, 2015 motion to dismiss or, in the alternative, motion for

judgment on the pleadings (DE 6) on the basis that Plaintiffs have failed to state a

claim upon which relief may be granted.

**II.**    **REPORT:**

        **A.**    **Factual Background**

---

[1] The caption of Plaintiffs' state court complaint lists defendants as "Mortgage
Electronic Registration System, MERSCROP U.S. Bank, N.A . . . ." DE 1-2 at 8.
This report assumes that Plaintiffs intended to name two defendants: (1) Mortgage
Electronic Registration System, Inc. (MERS), the December 2, 2005 mortgagee
(DE 6-3 at 2-3), and (2) U.S. Bank, N.A., the June 5, 2012 mortgagee (DE 6-4).

On December 2, 2005, Edward Henry and Ophelia C. Twine-Henry executed a $132,000 mortgage in favor of mortgagee MERS on the property commonly known as 4750 Leslie Street, Detroit, Michigan 48238.  DE 6-3.  This was done in conjunction with the execution of two notes (a $132,000 interest only fixed rate note and a $33,000 fixed rate balloon note) between Edward Henry and MILA, Inc., doing business as Mortgage Investment Lending Associates, Inc.  DE 6-2.[2]  On June 5, 2012, MERS assigned the $132,000 mortgage to U.S. Bank, N.A.  DE 6-4.  This assignment was recorded on June 7, 2012 and entered on June 26, 2012.  *See* www.waynecountylandrecords.com.[3]

On December 6, 2014, notice of a January 8, 2015 sale was posted at the property.  DE 1-2 at 21, DE 6-7 at 7.  On December 2, December 9, December 16 and December 23, 2014, similar notices were published in *The Detroit Legal News*.  DE 1-2 at 20, DE 6-7 at 6.  On January 8, 2015, Wayne County Deputy Sheriff La

---

[2] What seems to be MERS's April 19, 2012 release to Plaintiffs from the $33,000 mortgage was entered on May 4, 2012.  *See* www.waynecountylandrecords.com.

[3] It seems that on April 18, 2013, Plaintiffs granted the Michigan Homeowner Assistance Nonprofit Housing Corp a mortgage for consideration of $11,249.28.  *See* www.waynecountylandrecords.com.  On July 29, 2013, Bank of America, N.A., assigned the $132,000 mortgage to Nationstar Mortgage, L.L.C.  DE 1-2 at 25-26, DE 6-5, DE 6-6 at 4.  However, a November 10, 2014 affidavit indicates that the July 29, 2013 assignment of mortgage from Bank of America, N.A. to Nationstar Mortgage, L.L.C., was erroneously recorded.  DE 1-2 at 23-24, DE 6-6 at 2-3.

Shana Cooper executed a Sheriff's Deed on Mortgage Sale.  The property was sold to U.S. Bank, N.A., for the sum of $137,161.39.  DE 1-2 at 16-22, DE 6-7 at 2-3.

On April 24, 2015, U.S. Bank quit claimed the deed to EXR, L.L.C., for the sum of $7,000.00.  DE 6-8.  The redemption period expired on July 9, 2015.  DE 1-2 at 18, DE 6-7 at 4.

### B.    Procedural History

On April 17, 2015 – a date after the Sheriff's Deed but before the Quit Claim Deed – Plaintiffs Edward Henry and Ophelia C. Twine-Henry filed the instant lawsuit *in pro per* in state court against MERS and U.S. Bank.  *See* DE 1-2 at 8-14, DE 1-2 at 30; *see also* Case No. 15-005214-CZ (Wayne County).  Based upon the title of the complaint, Plaintiffs allege a violation of 12 U.S.C. ("Banks and Banking"), mortgage assignment fraud, securities fraud, servicing fraud, violation of the Deceptive Trade Practices Act, violation of Mich. Comp. Laws § 600.3205a,[4] a bogus Sheriff's Deed, unjust enrichment and demand for quiet title. *See* DE 1-2 at 8.

---

[4] This statute was part of Mich. Comp. Laws §§ 600.3201-600.3285 ("Foreclosure of Mortgages by Advertisement").

Defendant U.S. Bank filed an answer and affirmative defenses on July 2, 2015. DE 1-2 at 2-7. Thereafter, on July 10, 2015, Defendant MERS removed the case to this Court. DE 1, DE 1-3.[5]

### C.    Instant Motion

Judge Goldsmith has referred all pretrial matters to me. DE 5. Currently before the Court is Defendants' July 17, 2015 motion to dismiss or, in the alternative, motion for judgment on the pleadings. DE 6.

Pursuant to the Court's July 23, 2015 order requiring response, the due date for Plaintiffs' response was September 8, 2015. DE 7. A copy of the Court's scheduling order was served upon Plaintiffs at their address of record (4750 Leslie, Detroit, MI 48338).[6]

On October 9, 2015, the Court entered an order regarding Plaintiffs' address of record and directing correction by the Clerk of the Court and re-service by Defendants. (DE 8.) Within this order, Plaintiffs were required to file any

---

[5] This report assumes that Defendant MERS' July 10, 2015 removal was timely under 28 U.S.C. § 1446 ("Procedure for removal of civil actions"). Defendant MERS represents that it was never served with process but first received a copy of Plaintiffs' complaint on June 26, 2015. (DE 1 at 7 ¶ 2.)

[6] For whatever reason, it appears there is a typographical error in Plaintiffs' address of record. Plaintiffs' zip code is 48238. (*See*, *i.e.*, DE 1-2 at 14, 30.) However, the docket lists the zip code as 48338. (*See*, *i.e.*, DE 1 at 7, DE 1-2 at 16, DE 1-3 at 3.)

response to Defendants' July 17, 2015 motion (DE 6) no later than November 14, 2015, in accordance with my practice guidelines, as found on the Court's website (www.mied.uscourts.gov).  (DE 8 at 2.)  Within hours of entry of the Court's order, Defendants filed a certificate of service of several documents - notice of removal (DE 1), attorney appearance (DE 2), statements of disclosure of corporate affiliations and financial interest (DEs 3, 4), Defendants' motion to dismiss or for judgment on the pleadings (DE 6) and this Court's October 9, 2015 order (DE 8) - upon Plaintiffs at the corrected 48238 zip code.  (DE 9 at 2-3.)  In addition, Defendants filed a copy of defense counsel's October 9, 2015 letter to Plaintiffs, which highlights the November 14, 2015 response deadline.  (DE 9 at 1.)

To date, Plaintiffs have not filed a response.

### D.    Standards of Review

#### 1.    Fed. R. Civ. P. 12(b)(6)

The first basis for Defendants' motion is Fed. R. Civ. P. 12(b)(6).  DE 6 at 13-14.  When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true."  *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### 2.    Fed. R. Civ. P. 12(c)

The second basis for Defendants' motion is Fed. R. Civ. P. 12(c). DE 6 at 15-16. "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In considering such a motion, the court must accept all the factual allegations of the complaint as

true." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (citing *Beal v. Missouri Pac. R.R.,* 312 U.S. 45, 51 (1941)).    However, the Court "need not accept as true legal conclusions or unwarranted factual inferences."  *Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

### 3.    Plaintiff's failure to respond to a motion to dismiss

"The law in this Circuit is not entirely clear whether a party's mere failure to respond to a dispositive motion constitutes a sufficient ground for granting the motion." *Hurtwitz v. Pinnacle Fin. Grp., Inc.*, No. 14-10040, 2014 WL 2479999, at *1 n.2 (E.D. Mich. June 3, 2014) (Edmunds, J., accepting and adopting report and recommendation of Grand, M.J.); *see also*, *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) ("We simply cannot conclude that Carver's failure to respond to the defendants' motion to dismiss, standing alone, amounted to a failure to prosecute."), *Scott v. State of Tenn.*, No. 88-6095, 1989 WL 72470, *2 (6th Cir. 1989) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").  Moreover, given the Plaintiffs' failure to respond in the face of the Court's October 9, 2015 order (*see* DE 8) and Defendants' same-day service of case materials upon Plaintiffs (*see* DE 9), I considered assessing this motion under Fed. R. Civ. P. 41(b) for Plaintiffs' apparent failure to prosecute.

Nonetheless, giving Plaintiff the benefit of the doubt, I will address

Defendants' motion on its merits, although the district judge is free to decide this

motion on the basis of Plaintiffs' apparent failure to prosecute.

### E.    The Court Should Grant Defendants' Motion on the Basis That Plaintiffs Have Failed to State a Claim Upon Which Relief May Be Granted.

#### 1.    Plaintiff's Complaint fails to comply with Fed. R. Civ. P. 8(a) ("Claim for Relief.").

Fed. R. Civ. P. 8 concerns the general rules of pleading.  "A pleading that

states a claim for relief must contain:

> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;[7]

> **(2)** *a short and plain statement of the claim showing that the pleader is entitled to relief*; and

> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.[8]

---

[7] Fed. R. Civ. P. 8(a)(1) is not at issue; as acknowledged in Defendant MERS's notice of removal, federal question jurisdiction exists on the basis of Plaintiffs' FDCPA claim(s).  (*See* DE 1 at 2-3 ¶¶ 7-10.)

[8] Plaintiffs' state court complaint does contain "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(3), DE 1-2 at 14.  Specifically, Plaintiffs' prayer for relief seeks, *inter alia*:  (a) a determination that they are the fee simple title holders to the property in question; (b) a determination that MERS and U.S. Bank's interests, if any, are invalid and forever extinguished; (c) return of the property to its rightful owner; and (d) double the property's value of $137,161.39 for defending the fraudulent action.  DE 1-2 at 14.  I reserve comment on Defendants' argument that the equitable relief sought by Plaintiffs is unavailable against MERS and U.S. Bank (DE 6 at 16), because such discussion is unnecessary if the Court agrees that Plaintiffs' complaint fails to comply with Fed. R. Civ. P. 8(a)(2).

Fed. R. Civ. P. 8(a) ("Claim for Relief.").

Here, the Court should conclude that Plaintiffs' state court complaint does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. 8(a)(2). Preliminarily, the title to Plaintiff's complaint sets forth a myriad of descriptions for the complaint, yet there are no clearly labeled claims. Plaintiffs' complaint is, in substance, six (6) pages and twenty-six (26) numbered paragraphs in length. The initial paragraph describes the location of the property in question, and the third paragraph claims lawful ownership of the property pursuant to a March 8, 2015 warranty deed. DE 1-2 at 9 ¶¶ 1, 3. However, the remaining paragraphs are basically grouped into two sections labeled "Jurisdiction and Venue" and "Case Law In Support." DE 1-2 at 9-14 ¶¶ 2-16, 17-26.

Moving beyond the categorization of the paragraphs in Plaintiffs' complaint, much of the content in Plaintiff's numbered paragraphs does not aid in clarifying Plaintiff's claims. As a broad observation, a recitation of case law without likening the rulings to the facts of Plaintiff's case does not provide sufficient notice to Defendants of the claims they must defend. For example, while perhaps Plaintiffs intend to allege that Defendants are servicers who do not have standing to foreclose, an allegation that "the servicer doesn't have standing to foreclose[,]" accompanied by a string citation to Michigan appellate opinions does not suffice to

give Defendants adequate notice.  DE 1-2 at 14 ¶ 25.  This would also be true of

Plaintiff's citations to the Michigan Rules of Professional Conduct (MRPC) or

State Bar of Michigan Professional Ethics Committee, chain of title,[9] silent fraud,

fraudulent concealment and forgery cases.  *See* DE 1-2 at 12-13 ¶¶ 15, 16, 17, 18,

22, 23.  It is also true of mere case citations to Ohio and Massachusetts case law.

DE 1-2 at 14 ¶¶ 24, 26.  Legal conclusions need not be accepted as a substitute for

the fact-based, notice pleading which is required by the Rules.  *Mixon*, *supra*.

     Moreover, Plaintiffs' make only a conclusory claim that Defendant U.S.

Bank violated RESPA (12 U.S.C. §§ 2601-2617).  DE 1-2 at 13 ¶ 21.  "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2006)).  Finally, the

Court is not sure what to make of Plaintiffs' claim that "[a]ll Defendants also are in

violation of the Servicer Performance Agreement due to its poor bookkeeping of

accounts also a violation of the REMIC (Real Estate Mortgage Investment

Conduit) LAW which is a Tax Violation under the IRS that has criminal intent to

defraud the Government[,]" or the remainder of that paragraph.  DE 1-2 at 12 ¶ 19.

---

[9] *Carpenter v. Longan*, 83 U.S. 271, 273 (1872) ("an assignee, under the circumstances of this case, takes the mortgage as he takes the note, free from the objections to which it was liable in the hands of the mortgagee.").

To be sure, the Court is permitted to more liberally construe a *pro se* party's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("the allegations of the pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers . . . ."). However, despite Plaintiffs' organization of their complaint into numbered paragraphs, it is not a properly formed pleading: "*A party must state its claims or defenses in numbered paragraphs*, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense." Fed. R. Civ. P. 10(b) (emphasis added). Even though "[n]o technical form is required[,]" Fed. R. Civ. P. 8(d)(1), Plaintiffs could have clarified their claims by stating each of them "in a separate count or defense." Fed. R. Civ. P. 10(b). *See*, *i.e.*, *Herrera v. Michigan Dep't of Corr.*, No. 5:10-CV-11215, 2011 WL 1085794, at *6 (E.D. Mich. Mar. 2, 2011) *report and recommendation adopted* 2011 WL 1042280 (E.D. Mich. Mar. 22, 2011). Unfortunately, the Court is without any response from Plaintiffs to assist with this clarification, and neither it nor the Defendants are required to guess at the identity of the claims.

   2.   **Plaintiffs have failed to state a claim against Defendants for violation of the FDCPA.**

The Fair Debt Collection Practices Act (FDCPA) is codified at 15 U.S.C. §§ 1692-1692p.  It appears that Plaintiff's claims may be based, at least in part, upon various sections of the FDCPA, such as 15 U.S.C. § 1692g ("Validation of debts"), 15 U.S.C. § 1692j ("Furnishing certain deceptive forms"), and 15 U.S.C. § 1692a(6), which defines, "debt collector."  DE 1-2 at 9 ¶ 5, DE 1-2 at 10 ¶ 9, DE 1-2 at 11 ¶ 14; *see also*, DE 1-2 at 10 ¶ 8.

The Court should conclude that Plaintiffs have failed to state a claim against Defendants for violation of the FDCPA.  Here, MERS and U.S. Bank are not "debt collectors" as defined by the FDCPA, either in their roles as mortgagees or creditors.  In relevant part, the FDCPA provides:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who *regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another*.

15 U.S.C. § 1692a(6) (emphasis added).[10]

The foreclosure proceedings which are the subject of this case appear to have been initiated in late 2014; by then, MERS was a *former mortgagee*, having

---

[10] I note that, along with Plaintiffs' mention of Section 1692a(6), Plaintiffs reference *Heintz v. Jenkins*, 514 U.S. 291 (1995), for its application of the FDCPA to lawyers' litigating activities.  Plaintiff also cites H.R. REP. 99-405 (Nov. 26, 1985).  *See* DE 1-2 at 11 ¶ 14; *see also* DE 1-2 at 11-12 ¶¶ 15-16 (apparently referring to opinions of the State Bar of Michigan Professional Ethics Committee and the MRPC).  However, the defendants in this case are not lawyers or a law firm, as was the case in *Heintz*.

assigned the mortgage to U.S. Bank on June 5, 2012, and U.S. Bank was the
current mortgagee and alleged creditor. (*See* DE 1-2 at 21, DE 6 at 18, DE 6-4.)
"The term 'creditor' means any person who offers or extends credit creating a debt
or to whom a debt is owed, but such term does not include any person to the extent
that he receives an assignment or transfer of a debt in default solely for the purpose
of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). In
contrast, "[t]he term 'debt collector' means any person who uses any
instrumentality of interstate commerce or the mails in any business the principal
purpose of which is the collection of any debts, or who regularly collects or
attempts to collect, directly or indirectly, debts *owed or due or asserted to be owed
or due another*." 15 U.S.C. § 1692a(6) (emphasis added). It does not appear that
Plaintiffs were in default, or that any debts were "owed or due or asserted to be
owed or due another" at the time of the June 5, 2012 assignment. Instead, given
that the notice was posted on December 6, 2014, it appears that the default
occurred well after the assignment. Therefore, as the assignee of a mortgage which
was, apparently, not in default, U.S. Bank was a creditor. "A bank that is 'a
creditor is not a debt collector for the purposes of the FDCPA and creditors are not
subject to the FDCPA when collecting their accounts.'" *Montgomery v.
Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (citing cases). Thus, U.S.
Bank is not a debt collector as defined by the FDCPA.

To the extent Plaintiffs intended to allege that Defendants violated 15 U.S.C. § 1692g by failing or refusing to validate the alleged debt (*see* DE 1-2 at 9 ¶¶ 5, 8), that statute, by its terms, provides directives to consumers and debt collectors; as such, it would not apply to Defendant U.S. Bank.  To the extent Plaintiffs intended to allege that Defendants violated 15 U.S.C. § 1692j, they must do more than quote Subsection (a) of that statute.  (*See* DE 1-2 at 10 ¶ 9).

### 3.   Plaintiffs Mich. Comp. Laws citations do not state claims upon which relief may be granted.

Plaintiffs possibly allege a violation of Mich. Comp. Laws § 600.2109 ("Recorded conveyances and instruments; certified copies").  DE 1-2 at 10 ¶ 7; *see also* DE 1-2 at 10 ¶ 8.  However, Mich. Comp. Laws §§ 600.2101 to 600.2169 are evidence statutes and not the bases for independent causes of action.  Moreover, Plaintiffs allege that they discovered "certain bogus instruments which purported to divest Plaintiff of all interest in the subject property by way of Silent Fraud," and state that "Fraud and or Irregularity are throughout the Documents[,]" (DE 1-2 at 10 ¶¶ 7, 8), yet Plaintiffs do not identify the instruments or documents to which these statements refer.  Fed. R. Civ. P. 9(b) ("Fraud or Mistake; Conditions of Mind.") ("In alleging fraud or mistake, *a party must state with particularity the circumstances constituting fraud or mistake*. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.") (emphasis added).  Nor do they identify the false statements on which they base their fraud allegations with

the particularity required by federal procedural or state substantive law.  *See* Fed. R. Civ. P. 9(b), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), <u>*State ex rel. Gurganus v. CVS Caremark Corp.*</u>, 496 Mich. 45, 63, 852 N.W.2d 103, 112 (2014) (MCR 2.112(B)(1)'s heightened pleading standard for fraud claims).

Also, Plaintiffs cite Mich. Comp. Laws § 600.2932 ("Action to determine interests in land").  DE 1-2 at 9 ¶ 2.  Section 600.2932 is included in a chapter of statutes concerning "Provisions Concerning Specific Actions."  *See* Mich. Comp. Laws §§ 600.2901-600.2977.  It appears Plaintiff cited this statute as a basis for invoking the Wayne County Circuit Court's jurisdiction, at best, and not as the basis for an independent cause of action.

It appears that Plaintiffs may also be attempting to allege a violation of Mich. Comp. Laws §§ 600.3205 or 600.3205a.  DE 1-2 at 9 ¶ 2.  By way of background, in Michigan, foreclosure of mortgages by advertisement are governed by Mich. Comp. Laws §§ 600.3201-600.3285.  Defendants take the position that U.S. Bank complied with these statutes.  (*See* DE 6 at 19-21.)  To the extent Plaintiffs' citations to Mich. Comp. Laws §§ 600.3205 or 600.3205a are intended to constitute a claim challenging Defendant U.S. Bank's foreclosure process, these particular statutes are no longer in effect.  Mich. Comp. Laws § 600.3205 was repealed effective June 19, 2014.  P.A. 2014, No. 125.  Also, Mich. Comp. Laws

§§ 600.3205a to 600.3205d were repealed effective June 30, 2013.  P.A. 2012, No.

521.  Therefore, at the point of what appears to be the late-2014 initiation of

foreclosure proceedings, Sections 600.3205 and 600.3205a were not in effect.

Additionally, Plaintiffs make a series of allegations with respect to the

Sheriff's Sale and foreclosure process by:  challenging the validity of the Sheriff's

Deed  questioning whether LaShana Cooper is a Sheriff (DE 1-2 at 11 ¶ 12);

claiming a violation of the Uniform Fraudulent Transfer Act (UFTA), Mich.

Comp. Laws §§ 566.31 *et seq*., and, asserting (without particularity)that

Defendants are hiding the true identity of the party in interest with the power to

enforce and that the property has been sold under false pretenses.  (*See* DE 1-2 at

11 ¶¶ 12-13.)[11]   Plaintiffs have not specified which section of the UFTA has been

violated or the nature of the violation.  (*See* DE 1-2 at 11 ¶ 12(D).)  Furthermore, if

Plaintiffs are indeed wondering whether "[t]he party foreclosing the mortgage is

either the owner of the indebtedness or of an interest in the indebtedness secured

by the mortgage or the servicing agent of the mortgage[,]" Mich. Comp. Laws §

---

[11] Plaintiffs also claim the Sheriff's Deed is not notarized.  (DE 1-2 at 11 ¶ 12(F).)
However, the January 8, 2015 Sheriff's Deed on Mortgage Sale identifies LaShana
Cooper as a Wayne County Deputy Sheriff, and it is notarized.  DE 1-2 at 16-17.
Moreover, as evidenced by the time-stamp, it was filed with the Wayne County
Register of Deeds on January 16, 2015.  As such, it is "a public record of which the
Court may take judicial notice . . . ."  *Selakowski v. Federal Home Loan Mortgage
Corporation, et al.*, No. 13-12335, 2014 WL 1207874, *7 n.7 (E.D. Mich. Mar. 24,
2014) (Rosen, C.J.).

600.3204(d), the notice of removal shows that the party foreclosing the mortgage is Defendant U.S. Bank, not the Wayne County Sheriff or Sheriff's Deputy.  *See*, *i.e.*, DE 1-2 at 20.

Finally, Plaintiffs seem to allege that there has been a break in the chain of title, seemingly because the promissory note is assigned to one party, while the Deed of Trust/Mortgage names another party.  (DE 1-2 at 12 ¶ 17).  However, Defendants have provided documents which establish a record chain of title from the original mortgagee, MERS, to mortgagee U.S. Bank, who appears to have initiated the foreclosure proceedings.  *See* DE 6-3, DE 6-4;[12] *see also*, *Wright*, 2012 WL 1060069 at 5 ("the recorded assignment of the mortgage from MERS to HSBC establishes a record chain of title from the original mortgage holder, MERS, to the current record holder, HSBC. HSBC owns an interest in the indebtedness securing the mortgage. . . and is therefore permitted to foreclose by advertisement pursuant to Michigan Compiled Laws ' 600.3204(1)(d).");[13] *Khoshiko v. Deutsche Bank Trust Co. Americas*, No. 12-cv-14717, 2013 WL 5346400, 4 (E.D. Mich.

---

[12] Among the attachments to Defendants' motion are the December 2, 2005 mortgage between borrowers (mortgagors) Edward Henry and Ophelia C. Twine Henry and mortgagee MERS (DE 6-3) and the June 5, 2012 assignment of mortgage from MERS to U.S. Bank (DE 6-4).  As the time-stamps indicate, these items were filed with the Wayne County Register of Deeds on December 22, 2005 and June 7, 2012, respectively.  Therefore, these are public documents of which the Court may take judicial notice.  *See Selakowski*, 2014 WL 1207874, *7 n.7.

[13] Citing *Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011).

Sept. 23, 2013) (Goldsmith, J.) (granting defendant's motion to dismiss and referring to the assignment of mortgage and Sheriff's Deed, the Court stated: "[h]ere, according to the documents attached by both Plaintiff and Defendant, Defendant was the mortgagee of record. . . . Therefore, Defendant has presented uncontroverted evidence of its capacity to foreclose by advertisement."). Thus, it appears uncontroverted that U.S. Bank had the capacity to foreclose by advertisement.

> ### 4.    Plaintiffs do not have standing to challenge MERS June 5, 2012 assignment of Plaintiffs' mortgage to U.S. Bank, nor do they have standing to challenge PSA compliance.

At various points throughout their complaint, Plaintiffs appear to be challenging the assignment of their mortgage. *See*, *i.e.*, DE 1-2 at ¶¶ 4, 6, 10-11, 20.  Here, I note that the only assignment documents attached to the initiating document in this case were the July 29, 2013 assignment and the November 10, 2014 affidavit of erroneous assignment of mortgage.  (DE 1-2 at 23-24, 25-26). Thus, going forward, this report assumes that any challenge to an assignment would relate to the June 5, 2012 assignment from MERS to U.S. Bank, which is the only operative one at issue.  (DE 6-4.)

In any event, "'a litigant who is not a party to an assignment lacks standing to challenge that assignment.'"  *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010) (quoting

*Livonia Properties Holdings, L.L.C.*, 717 F.Supp.2d 724, 736–737 (E.D. Mich. 2010)).  To be sure, challenges to mortgage assignments "may be permitted 'under limited circumstances,' ostensibly where the borrower has a valid claim that he will face double liability."  *Carmack v. Bank of New York Mellon*, 534 F. App'x 508, 512 (6th Cir. 2013).  However, as best as the Court can tell, any challenge by Plaintiffs to the assignment is based upon an allegation that the assignment was invalid or fraudulent, not upon an allegation that Plaintiffs will be required to pay twice.

> **5.      Plaintiffs' citations to the Uniform Commercial Code (UCC) do not constitute a claim upon which relief may be granted.**

Plaintiffs make several references to the Uniform Commercial Code (UCC), including Articles 3, 8 and 9.  Mich. Comp. Laws §§ 440.3101 *et seq*. ("Negotiable Instruments"), 440.8101 *et seq*. ("Investment Securities"), and 440.9101 *et seq*. ("Secured Transactions").  (DE 1-2 at 9 ¶¶ 4, 5.)  Relying upon these UCC provisions, Plaintiff alleges that:

> A promissory note falls under UCC Art. 3 because it is a negotiable instrument, once it is securitized, it falls under UCC Art. 8 & 9 as a security, deeds are always registered and evidence of debt…notes [are] never registered…selling un-registered securities is an[] automatic right of rescission of the original note…it is negotiable.

DE 1-2 at 9 ¶ 4.

To the extent Plaintiffs are alleging that the interest only fixed rate note was an unregistered security which was sold by way of the June 5, 2012 assignment from Defendant MERS to Defendant U.S. Bank, "Plaintiff may not challenge any assignment to which he was not a party, and . . . the Uniform Commercial Code ('UCC') does not apply to residential mortgage transactions." *Berry v. Main Street Bank*, No. 13-13280, 2014 WL 806838, 2 (E.D. Mich. Feb. 28, 2014) (Duggan, J.); *see also*, *Gardner v. Quicken Loans, Inc.*, 567 F.App'x 362, 365 (6th Cir. 2014) ("the UCC does not apply to mortgage foreclosures.") (citing cases), *Schare v. Mortgage Electronic Registration Systems, Inc.*, No. 11-11889, 2012 WL 2031958, 2 (E.D. Mich. June 6, 2012) (Rosen, C.J.) (Article 3 of the UCC "is inapplicable to mortgages."). Thus, to the extent Plaintiffs are challenging the assignment of their mortgage from Defendant MERS to Defendant U.S. Bank, or to the extent Plaintiffs are challenging Defendant U.S. Bank's foreclosure of the assigned mortgage, Plaintiffs have failed to state a UCC claim upon which relief may be granted.

### 6. Conclusion

For all of the above stated reasons - including, at the risk of redundancy, the vagueness of the complaint, insufficiency of pleading and failure to state a

cognizable claim upon which relief may be granted – I recommend dismissal of the complaint in its entirety under Fed. R. Civ. P. 12(c).[14]

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

---

[14] As noted above, Defendant U.S. Bank filed an answer and affirmative defenses in state court on July 2, 2015.  (DE 1-2 at 2-7.)  "Rule 12(h)(2) provides that the Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted can be raised after an answer has been filed by motion for judgment on the pleadings pursuant to Rule 12(c)."  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).  Nonetheless, under either Rule 12(b)(6) or Rule 12(c), the same standard is applied.  "Where the Rule 12(b)(6) defense is raised by a Rule 12(c) motion for judgment on the pleadings, we must apply the standard for a Rule 12(b)(6) motion in reviewing the district court's decision."  *Morgan*, 829 F.2d at 11.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.


Dated: November 30, 2015        s/Anthony P. Patti
                                Anthony P. Patti
                                UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record November 30, 2015, electronically and/or by U.S. Mail.

                                s/Michael Williams
                                Case Manager for the
                                Honorable Anthony P. Patti